# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMIN JAVAHERIAN and LADAN JAVAHERIAN,<br><br>Plaintiffs,<br><br>v.<br><br>AMCO INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No.: CV 19-10317-CJC(AFMx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 9]** |

**I. INTRODUCTION**

Plaintiffs Ramin and Ladin Javaherian brought this insurance coverage action against Defendants AMCO Insurance Company ("AMCO") and SPC Geotechnical, Inc. ("SPC") in Los Angeles County Superior Court. (Dkt. 9-1 [First Amended Complaint,

hereinafter "FAC"].) Before the Court is Plaintiffs' motion to remand. (Dkt. 9 [hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.[1]

## II. BACKGROUND

This dispute arises from a 2017 water leak that allegedly caused extensive damage to Plaintiffs' Woodland Hills, California home. (FAC ¶ 7.) Plaintiffs held a homeowner's insurance policy issued by AMCO, and after the leak occurred, AMCO began investigating Plaintiffs' insurance claim. (*Id.* ¶¶ 8–10.) In connection with this investigation, AMCO hired an engineer from Bausley & Associates ("Bausley") who, after examining Plaintiffs' home, opined that the interior damage had been caused by a leak in an irrigation supply line. (*Id.* ¶ 10.) In reliance on this report, AMCO determined that the damage to Plaintiffs' home was covered by their policy and began to investigate the scope of their loss. (*Id.* ¶ 11.)

AMCO retained Defendant SPC Geotechnical as a consultant to evaluate the soil around Plaintiffs' home and to offer a recommendation on how to repair the foundation. (*Id.* ¶ 12.) SPC eventually produced a report for AMCO. (*Id.* ¶ 14.) Although SPC was only retained in connection with restoration, its report also included an opinion on the cause of the damage to the home. (*Id.*) On this issue, SPC concluded that the damage had been caused by long-term settlement as opposed to the irrigation supply line leak. (*Id.*) This finding directly contradicted the earlier Bausley report. After issuing the report, Plaintiffs allege that SPC "improperly pressured and influenced Bausley & Associates to change its opinions regarding the cause of the damage in order to create uniformity" with their conclusion regarding the cause of the damage. (*Id.* ¶ 14.) Bausley

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 3, 2020 at 1:30 p.m. is hereby vacated and off calendar.

allegedly buckled under SPC's pressure, reversed its earlier findings, and provided AMCO with a revised opinion stating that the damage had actually been caused by long-term settlement, not the leak. (*Id.* ¶ 15.) This reversal spurred AMCO to deny Plaintiffs' coverage for the damage. (*Id.*)

On October 31, 2019, Plaintiffs sued AMCO in Los Angeles Superior Court, asserting state law claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) violation of business and professions code § 17200. (Dkt. 9-1 [Declaration of Sara A. McClain, hereinafter "McClain Decl."] ¶ 2.) SPC was not named as a defendant in the original Complaint. Plaintiffs are both California citizens for diversity purposes. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶ 8.) AMCO is an insurance company incorporated and headquartered in Iowa. (*Id.* ¶ 10.) SPC is a California corporation. (FAC ¶ 3.)

AMCO was served with the Complaint on November 6, 2019. (McClain Decl. ¶ 5.) During a conversation held on November 19, 2019, AMCO represented to Plaintiffs' counsel that it planned to remove the case. (Dkt. 13 [Declaration of Nicole Hampton, hereinafter "Hampton Decl."] ¶¶ 3–4.) Plaintiffs' counsel responded that they would not oppose removal because they were seeking over $75,000 in damages. (*Id.*) However, the following day, Plaintiffs filed the FAC which, in addition to the claims against AMCO, asserts an intentional interference with contractual relations claim against SPC. (FAC ¶¶ 41–44.) Although the FAC was initially filed on November 20, 2019 as a matter of right, Plaintiffs did not serve it on AMCO or SPC until December 5, 2019—the same day AMCO removed the case. (NOR.) Plaintiffs subsequently filed the instant motion to remand, contending that their addition of SPC destroys complete diversity. (Mot.) AMCO opposes the motion, contending that SPC was fraudulently joined and therefore cannot be used to destroy complete diversity.

## III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## IV. DISCUSSION

The parties dispute whether the addition of SPC destroys complete diversity. Plaintiffs, both California citizens, argue that complete diversity is not present due to their contractual interference claim against SPC, which is also a California citizen for diversity purposes. AMCO asserts that SPC was fraudulently joined and cannot be used to destroy complete diversity. The Court agrees with Plaintiffs.

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). When a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining if there is complete diversity in a case. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident

defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotations omitted).

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *See Grancare*, 889 F.3d at 548 (internal quotations omitted). Fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046. Stated another way, if there is a "non-fanciful possibility" that Plaintiff can state a viable state law claim against a defendant, joinder should not be considered fraudulent. *See Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Even if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined. Before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *See Grancare*, 889 F.3d at 549.

Plaintiffs' lone claim against SPC is for intentional interference with contractual relations. (FAC ¶¶ 41–44.) Thus, if AMCO can establish that SPC "cannot be held liable on any theory" as to this claim, Plaintiffs' motion to remand must be denied. *See Ritchey*, 139 F.3d at 1318. To state a claim for intentional interference with contractual relations, a plaintiff must allege, "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *UMG Recordings,*

*Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1115 (C.D. Cal. 2015). The California Supreme Court has stated that a plaintiff may satisfy the "intent requirement" of an intentional interference claim by pleading that the defendant had a specific intent to interfere with a contract or that "the defendant knew that the interference was certain or substantially certain to occur as a result of its action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154 (2003).

Plaintiffs sufficiently allege that there is a possibility that they could recover against SPC for intentional interference with a contract. The FAC establishes the first two elements of the claim by alleging that Plaintiffs had a homeowner's insurance policy issued by AMCO and SPC was aware of this contract. (FAC ¶ 41.) It also alleges that SPC engaged in intentional acts—namely "improperly pressur[ing] and influenc[ing] Bausley & Associates to change its opinions regarding the cause of damages in order to create uniformity" with their own opinion—with the knowledge that such acts would disrupt AMCO's handling of Plaintiffs' insurance claim. (FAC ¶¶ 14, 43.) According to the FAC, SPC's acts caused AMCO to breach the insurance contract by denying Plaintiffs' claim, which in turn resulted in damages. (*Id.* ¶ 44.) These allegations sufficiently establish that "there is a possibility that a state court would find that the complaint states a cause of action." *Hunter*, 582 F.3d at 1046. Courts in this district have refused to find fraudulent joinder in similar cases involving intentional contractual interference claims asserted against defendants retained by insurance companies to investigate claims. *See, e.g.*, *Landry v. Liberty Life Assurance Co. of Boston*, 2014 WL 12610203, at *3 (C.D. Cal. Aug. 4, 2014) (finding that a defendant doctor, who was hired by the defendant insurance company to conduct a medial examination of the plaintiff, was not fraudulently joined because plaintiff adequately stated an intentional interference of contractual relations claim against him); *Chau-Barlow v. Provident Life and Accident Ins. Co.*, 2016 WL 5921061, at *3 (C.D. Cal. Oct. 11, 2016) (same).

AMCO's primary argument in favor of fraudulent joinder—that Plaintiffs will ultimately be unable to prevail against SPC because it has meritorious affirmative defenses—is unpersuasive. Courts generally decline to find fraudulent joinder "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548–49. The affirmative defenses AMCO raises here—the honest advice privilege and First Amendment privilege—would require the Court to conduct such an inquiry. Accordingly, the fact that SPC might in the future be able to successfully assert these defenses is insufficient to establish fraudulent joinder.

The Court is similarly unconvinced that AMCO can establish fraudulent joinder by citing to Plaintiffs' delay in asserting their claim against SPC. The fact that Plaintiffs did not include the contractual interference claim in their original complaint does not preclude them from stating a colorable claim against SPC in the FAC. *See, e.g.*, *del Puerto v. Thompson H. Grp., LLC*, 2018 WL 1870423, at *3 (C.D. Cal. Apr. 18, 2018) (remanding case after considering allegations against a new defendant added for the first time in amended state court pleadings). That said, the Court would be remiss if it did not address the unfortunate gamesmanship that Plaintiffs' counsel appears to have engaged in prior to the removal of this case. After a phone call with defense counsel on November 19, 2019, Plaintiffs' counsel represented that they would not be contesting removal of the case. (Hampton Decl. ¶ 4.) Less than one day after learning of AMCO's intent to remove however, Plaintiffs' counsel filed the FAC, which added the claim against SPC. (*Id.* ¶ 5.) Despite their conversation with defense counsel a day earlier, Plaintiffs' counsel chose not to inform them that the FAC had been filed. Instead, they waited to serve it until December 5, the day AMCO removed the case. (*Id.* ¶¶ 6–7.) The Court is troubled by this lack of candor. Had Plaintiffs simply informed AMCO that they also planned to assert a claim against SPC, the parties likely could have avoided litigating the issue before this Court. However, given that Plaintiffs have shown that there is at least a

possibility that they could recover against SPC on their intentional interference of contractual relations claim, the Court cannot find that AMCO has met its burden in establishing fraudulent joinder.

## V. CONCLUSION

For the following reasons, Plaintiffs' motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court.

DATED: January 27, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE